ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C   Atlanta

DEC 2 0 2006

JAMES N. HATTEN, Clerk
By _____
Deputy Clerk

| | |
|---|---|
| UNIVERSITY OF GEORGIA<br>ATHLETIC ASSOCIATION, INC., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| BULLDOG MOVERS, INC., | ) |
| Defendant. | ) |

CIVIL ACTION NO.
1:06-CV-3094

JURY TRIAL DEMANDED

-CC

## COMPLAINT

NOW COMES UNIVERSITY OF GEORGIA ATHLETIC

ASSOCIATION, INC. ("UGAA" or "Plaintiff"), plaintiff herein, and, by and

through its undersigned counsel, hereby makes and files this Complaint for

monetary and injunctive relief against defendant BULLDOG MOVERS, INC.

("Movers" or "Defendant"), and, in support thereof, respectfully shows the Court

as follows:

## NATURE AND BASIS OF ACTION

1.

This is an action for trademark and service mark infringement and
cyberpiracy, arising under the Trademark Act of 1946 (the "Lanham Act"), as
amended, 15 U.S.C. § 1051 et seq.; trademark and service mark infringement and
dilution, unfair competition, misappropriation, fraudulent procurement of
registered mark, and deceptive acts and practices under the laws of the State of
Georgia; and common law unfair competition.  UGAA seeks monetary and
injunctive relief against Defendant.

## PARTIES

2.

Plaintiff UGAA is a corporation organized and existing under the laws of
Georgia, having its principal place of business at Butts/Mehre Heritage Hall, 1
Selig Circle, Athens, Georgia 30602.  Plaintiff UGAA is, and has for many years
been, well known in the community of alumni of the University of Georgia and
fans of collegiate sports in general as a provider of services in the nature of athletic
sporting events and a wide variety of licensed goods and services bearing marks
associated with the University of Georgia (the "University"), with which UGAA is
affiliated, including without limitation marks incorporating the term "BULLDOG"

or "BULLDOGS," marks comprising or incorporating a drawing of a bulldog, and marks featuring the color combination red and black or the color combination red, black and white.

3.

Upon information and belief, Defendant is a corporation organized and existing under the laws of Georgia, having its principal place of business at 6400 Highlands Parkway, Suite I-H, Smyrna, Georgia, 30082. Upon information and belief, Defendant provides services relating to moving, storing and transporting of goods and personal property from one location to another for residential and commercial customers.

JURISDICTION AND VENUE

4.

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367 because this case arises under the Lanham Act. This Court has original and supplemental jurisdiction over the unfair competition claims asserted herein under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are substantial and related to UGAA's claims under the Lanham Act, such that they

- 3 -

form part of the same case or controversy under Article III of the United States Constitution.

5.

Venue in this Judicial District is proper under 28 U.S.C. § 1391 because Defendant has committed certain of the unlawful acts complained of in this Judicial District and maintains a place of business and therefore resides and may be found within this Judicial District.

## FACTS GIVING RISE TO THIS ACTION
### PLAINTIFF'S ACTIVITIES

6.

Plaintiff UGAA has used in interstate commerce, and is and has been at all times pertinent hereto the owner of all right, title, and interest in and to, among other marks, several marks incorporating the term "BULLDOG" or "BULLDOGS," and several marks comprising or incorporating a drawing of a bulldog, including without limitation those marks shown in the attached Exhibit A (the "UGAA Marks"), for and in connection with a wide variety of goods and services.

7.

In 1891, the University adopted the color combination red and black as the official colors of the University. For more than a century, the University and UGAA have used the color combination red and black and/or the color combination red, black and white (collectively, the "UGAA Colors") for and in connection with a wide variety of goods and services.

8.

Throughout its long history, UGAA has used the UGAA Marks and the UGAA Colors in connection with the UGAA Goods and Services. In addition, since at least 1988, UGAA has licensed, and currently is licensing, to numerous entities the right to use the UGAA Marks and the UGAA Colors for and in connection with a wide variety of goods and services, including without limitation apparel and accessories, automotive products, collectibles, consumables, domestic items and housewares, electronics, financial products and affinity cards, games, gifts and novelties, health and beauty products, infant products, indoor and outdoor furniture, Internet products and services, jewelry, office products, paper goods, promotional services, publishing goods and services, school supplies, signage, sports equipment, stationery, and toys (collectively, the "Licensed Goods and Services").

9.

Plaintiff UGAA is the owner of the several registrations set forth in

Exhibit B (collectively, the "UGAA Registrations"), which were issued by the

United States Patent and Trademark Office (the "PTO") on the respective dates set

forth in Exhibit B. Plaintiff UGAA has used the UGAA Marks and the UGAA

Colors for and in connection with the goods and services identified in Exhibit B

(the "UGAA Goods and Services") in interstate commerce in and throughout the

United States continuously and extensively since at least as early as December 31,

1929. True and correct copies of the certificates of registration for the UGAA

Registrations are attached hereto as Exhibit C.

10.

In addition, UGAA has filed with the PTO an appropriate declaration under

section 15 of the Lanham Act with respect to each of registration numbers

1,267,107; 1,276,534; 1,284,677 and 2,237,895. Each of the foregoing

registrations therefore has become incontestable in accordance with section 15 of

the Lanham Act, 15 U.S.C. § 1065, and each is conclusive evidence of the validity

of the registered mark and of the registration of the mark, of UGAA's ownership of

the registered mark, and of UGAA's exclusive right to use the registered mark in

commerce in connection with the goods and/or services identified therein.

11.

Most of the design marks owned by UGAA, including without limitation many of the UGAA Marks, claim as a feature of each mark the UGAA Colors. For example, registration numbers 1,276,534 and 3,099,998, identified in Exhibit B, make such a claim.

12.

As a result of such longstanding, widespread, extensive and continuous use of the UGAA Colors, especially in connection with marks comprising or incorporating the term BULLDOG or BULLDOGS, or marks comprising or incorporating a drawing of a bulldog, including without limitation the UGAA Marks, the UGAA Colors have become an invaluable source identifier for the goods and services of UGAA and its licensees.

13.

UGAA has used the UGAA Marks and the UGAA Colors in interstate commerce and throughout the United States continuously and extensively since at least as early as December 31, 1929, for and in connection with, among other things, the UGAA Goods and Services. UGAA therefore has common law rights, fully independent of and in addition to the UGAA Registrations, in the UGAA

Marks and the UGAA Colors, especially when used in connection with term

BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks.

14.

UGAA is the owner of is the owner of, among other Georgia registrations,

Georgia Registration Nos. S-4667, issued November 25, 1981; S-4673, issued

November 25, 1981; and S 4960, issued October 4, 1983 (the "UGAA Georgia

Registrations") for certain of the UGAA Marks.    True and correct copies of the

UGAA Georgia Registrations are attached hereto as Exhibit D.

15.

As a result of such longstanding, widespread, extensive and continuous use,

UGAA enjoys well-established and exclusive rights in and to each of the UGAA

Marks and in and to the UGAA Colors, especially when used in connection with

term BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks,

for the UGAA Goods and Services and the Licensed Goods and Services.  Each of

the UGAA Marks and the UGAA Colors, especially when used in connection with

term BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks,

identifies and distinguishes the goods and services of UGAA and its licensees from

the goods, services and businesses of others; symbolizes the goodwill of the

businesses of UGAA and its licensees; and is well known, especially in Georgia

and the southeastern United States.  As a result, each of the UGAA Marks and the UGAA Colors, especially when used in connection with term BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks, is of great value to UGAA in connection with the offering of the goods and services of UGAA and its licensees.

16.

As a result of the longstanding, widespread, continuous and extensive use of the UGAA Marks and the UGAA Colors by UGAA and its licensees, each of the UGAA Marks and the UGAA Colors, especially when used in connection with term BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks, has become well and favorably known in the fields of collegiate athletics and for a wide variety of goods and services.  As a result of such use, each of the UGAA Marks and the UGAA Colors, especially when used in connection with term BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks, has come to represent goods and services of high quality, and are associated with goods and services provided or authorized by UGAA or its licensees.

17.

In connection with the foregoing use by UGAA and its licensees, each of the UGAA Marks and the UGAA Colors, especially when used in connection with

term BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks, has been widely publicized and is recognized as being identified with UGAA and its licensees. As a result of the foregoing longstanding, widespread, continuous and extensive use by UGAA and its licensees, each of the UGAA Marks and the UGAA Colors, especially when used in connection with term BULLDOG or BULLDOGS, a drawing of a bulldog or other UGAA marks, is famous and distinctive.

18.

Since long before the acts of Defendant complained of herein, the UGAA Marks and the UGAA Colors have been, and are now, used by UGAA's licensees. Each of these licensees benefits from use of the famous UGAA Marks and UGAA Colors, and such use inures to the benefit of UGAA.

DEFENDANT'S UNLAWFUL CONDUCT

19.

Upon information and belief, Defendant is a corporation offering moving services. Upon information and belief, Defendant was formed on May 1, 2003 in Georgia. Upon information and belief, a separate entity named Bulldog Movers, Inc. was incorporated in Georgia prior to 1991, which merged with an entity named International Tropical Market, L.L.C. on or around September 30, 1991,

and, upon information and belief, ceased to operate using the trade name and service mark Bulldog Movers at some date in or after October 1991.  Upon information and belief, on the date of Defendant's formation, no entity existed in Georgia that operated using the trade name and service mark Bulldog Movers.

20.

Upon information and belief, at some date on or after its formation, Defendant began using in connection with its moving services a mark consisting of a drawing of a white bulldog outlined in black overlaid on top of a red triangle double-outlined in black, with the white word "BULLDOG" above the bulldog and the word "MOVERS" below the bulldog, each outlined in black, as depicted in Exhibit E hereto (the "Bulldog Movers Mark").

21.

On April 2, 2004, Defendant filed with the Office of the Secretary of State of Georgia an application to register the Bulldog Movers Mark as a service mark for use in connection with "moving, storing and transporting goods and personal property for residential and commercial customers.  The services typically called 'moving services' used to pack, transport, store and deliver goods and personal property from one location to another," claiming a date of first use anywhere and first use in Georgia of January 1, 1993.  On April 2, 2004, the Georgia Secretary of

State issued Registration No. S-21229 ("Defendant's Georgia Registration") for

the Bulldog Movers Mark used in connection with "moving services, namely,

packing, transporting and storing goods and property for others," reflecting the

claimed dates of first use.

22.

On May 7, 2004, Defendant filed with the PTO application serial

number 76/591,525 (the "Application") to register the Bulldog Movers Mark as a

service mark for use in connection with "moving, storing, and transporting of

goods and personal property from one location to another for residential and

commercial customers." The Application is based upon Defendant's use of the

Bulldog Movers Mark in commerce and claims a date of first use in commerce of

January 30, 1993.

23.

In the Application, Defendant described the Bulldog Movers Mark as

follows: "consist[ing] of a drawing of a bulldog running over a red triangle with

the word 'BULLDOG' above and the word 'MOVERS' below. The mark presents

a red triangle double-outlined in black on top of which is overlaid a white bulldog

outlined in black with the white word 'BULLDOG' curved above the dog and the

word 'MOVERS' displayed horizontally below the dog, each outlined in black."

Further, the Application specifies that "the colors red, white, and black are claimed as a feature of the mark."

24.

Upon information and belief, Defendant offers its moving services using the Bulldog Movers Mark, the name "Bulldog Movers" and an Internet web site using the domain name "bulldogmovers.net." Defendant's use of the trade name and service mark BULLDOG MOVERS, the Bulldog Movers Mark, and the domain name "bulldogmovers.net" in connection with Defendant's services is not authorized by UGAA and infringes and dilutes UGAA's prior, established and superior rights in the UGAA Marks.

25.

In addition, upon information and belief, Defendant has registered and uses the domain name "bulldogmovers.net" in connection with offering its moving services over the Internet. Defendant's registration and commercial use of the domain name "bulldogmovers.net" in connection with Defendant's services is not authorized by UGAA and infringes and dilutes UGAA's prior, established and superior rights in the UGAA Marks.

- 13 -

COUNT I

## INFRINGEMENT OF REGISTERED SERVICE MARK
## IN VIOLATION OF SECTION 32 OF THE LANHAM ACT

26.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

27.

Defendant's willful, deliberate and knowing use of the trade name and service mark BULLDOG MOVERS and the Bulldog Movers Mark in connection with Defendant's services constitutes use in commerce of a reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution and/or advertising of services that is likely to cause confusion or mistake and to deceive consumers as to the source or origin of Defendant's services.

28.

Defendant's use of the service mark and trade name BULLDOG MOVERS and the Bulldog Movers Mark as described above constitutes infringement of UGAA's federally registered marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF SECTION 43 OF THE LANHAM ACT

30.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

31.

Defendant's use of the service mark and trade name BULLDOG MOVERS and the Bulldog Movers Mark constitutes use in commerce of a false or misleading designation of origin that is likely to deceive, to cause mistake or to cause confusion by leading consumers into believing that Defendant has an affiliation with UGAA, is sponsored or approved of by UGAA, or is otherwise associated with or has obtained permission to use the marks of UGAA.

32.

Defendant's use of the color combination red and black and/or the color combination red, black and white in connection with the term BULLDOG and a drawing of a bulldog constitutes use in commerce of a false or misleading designation of origin that is likely to deceive, to cause mistake or to cause confusion by leading consumers into believing that Defendant has an affiliation with UGAA, is sponsored or approved of by UGAA, or is otherwise associated with or has obtained permission to use the marks of UGAA.

33.

Each of the aforesaid acts of Defendant constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.

Each of the aforesaid acts of Defendant directly and proximately has caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

COUNT III

CYBERPIRACY IN VIOLATION OF THE LANHAM ACT

35.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

36.

Defendant has registered and made commercial use of the domain name "bulldogmovers.net," which is confusingly similar to the UGAA Marks and creates confusion as to the source, sponsorship, affiliation or endorsement of the "bulldogmovers.net" website. Defendant has exhibited a bad faith intent to profit from the UGAA Marks through Defendant's registration and use of said domain name, and, by registering and using said domain name, Defendant intends to obtain and is obtaining commercial gain at the expense of UGAA and its licensees and is harming the goodwill represented by the UGAA Marks.

37.

The aforesaid acts of Defendant constitute cyberpiracy and, pursuant to Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), are violations of the Anticybersquatting Consumer Protection Act.

38.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

COUNT IV

INFRINGEMENT OF REGISTERED MARK
IN VIOLATION OF GEORGIA STATUTE

39.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

40.

Defendant's use of the service mark and trade name BULLDOG MOVERS and the Bulldog Movers Mark constitutes use without UGAA's consent of a reproduction, copy or colorable imitation of the UGAA Georgia Registrations that is likely to deceive, to cause mistake or to cause confusion as to the source or origin of Defendant's services, with consequent damage to UGAA and the business and goodwill symbolized by the UGAA Georgia Registrations, in violation of Georgia law, O.C.G.A. § 10-1-450.

41.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

COUNT V

DILUTION IN VIOLATION OF GEORGIA STATUTE

42.

Plaintiff UGAA repeats, realleges, and incorporates by reference. as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

43.

Defendant's use of the service mark and trade name BULLDOG MOVERS and the Bulldog Movers Mark is likely to dilute the distinctiveness of the UGAA Marks, with consequent damage to UGAA and the business and goodwill symbolized by said service mark, in violation of Georgia law, O.C.G.A. § 10-1-451(b).

44.

Defendant's use of the color combination red and black and/or the color combination red, black and white in connection with the term BULLDOG and a

drawing of a bulldog is likely to dilute the distinctiveness of the UGAA Marks, with consequent damage to UGAA and the business and goodwill symbolized by said service mark, in violation of Georgia law, O.C.G.A. § 10-1-451(b).

45.

The aforesaid acts of Defendant each directly and proximately has caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

COUNT VI

FRAUD OR FALSE REPRESENTATION IN
REGISTERING MARK IN VIOLATION OF GEORGIA STATUTE

46.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

47.

Upon information and belief, Defendant's Georgia Registration was procured by knowingly making one or more false or fraudulent representations or declarations, in violation of Georgia law, O.C.G.A. § 10-1-449.

48.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

## COUNT VII

## VIOLATION OF THE GEORGIA DECEPTIVE TRADE PRACTICES ACT

49.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

50.

Defendant's use of the service mark and trade name BULLDOG MOVERS and the Bulldog Movers Mark is in violation of UGAA's prior and superior rights to the UGAA Marks, and is likely to create confusion or misunderstanding as to affiliation, connection, or association of Defendant's goods with UGAA and its licensees businesses, goods, and services, in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372.

51.

Defendant's use of the color combination red and black and/or the color combination red, black and white in connection with the term BULLDOG and a drawing of a bulldog is in violation of UGAA's prior and superior rights to the UGAA Marks, and is likely to create confusion or misunderstanding as to affiliation, connection, or association of Defendant's goods with UGAA and its licensees businesses, goods, and services, in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372.

52.

The aforesaid acts of Defendant each directly and proximately has caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

COUNT VIII

VIOLATION OF THE GEORGIA UNFAIR COMPETITION STATUTE

53.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

54.

The acts of Defendant as described above constitute an attempt to encroach upon UGAA's and its licensees' businesses, by the use of the service mark and trade name BULLDOG MOVERS, the Bulldog Movers Mark, and the color combination red and black and/or the color combination red, black and white in connection with the term BULLDOG and a drawing of a bulldog, with the intention of misleading the public, and therefore violates O.C.G.A. § 23-2-55.

55.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

COUNT IX

COMMON LAW MISAPPROPRIATION

56.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

57.

The acts of Defendant as described above constitute misappropriation by Defendant to its own use and benefit of the valuable goodwill, reputation and business property of UGAA, in violation of the common law of the State of Georgia.

58.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

COUNT X

COMMON LAW UNFAIR COMPETITION

59.

Plaintiff UGAA repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs of this Complaint.

60.

The acts of Defendant as described above constitute trademark and service mark infringement and unfair competition in violation of UGAA's rights under the common law of the State of Georgia.

61.

The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UGAA irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

## DEMAND FOR JURY TRIAL

Plaintiff UGAA hereby demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful conduct of Defendant as alleged in this Complaint, Plaintiff UGAA respectfully prays that:

(1)   The Court enter judgment that Defendant has

(a)   infringed UGAA's rights in and to the UGAA Marks in violation of  15 U.S.C. § 1114(1);

(b)   engaged in acts that constitute unfair competition in violation of 15 U.S.C. § 1125(a);

(c)   engaged in acts that constitute cyberpiracy in violation of 15 U.S.C. § 1125(d);

(d)    infringed UGAA's rights in and to the UGAA Georgia

Registrations in violation of O.C.G.A. § 10-1-450;

(e)    injured UGAA's business reputation and diluted the distinctive

quality of the UGAA Marks in violation of O.C.G.A.

§ 10-1-451(b):

(f)    procured Defendant's Georgia Registration in violation of

O.C.G.A § 10-1-449;

(g)    engaged in acts that constitute deceptive trade practices in

violation of O.C.G.A. § 10-1-372;

(h)    unfairly competed with and otherwise injured UGAA in

violation of O.C.G.A. § 23-2-55;

(i)    misappropriated the valuable goodwill, reputation and business

property of UGAA, in violation of the common law of the State

of Georgia; and

(j)    infringed UGAA's rights in and to its trademarks and service

marks, and unfairly competed with and otherwise injured

UGAA, in violation of UGAA's rights under the common law

of the State of Georgia;

(2)     The Court enter a judgment permanently enjoining and restraining Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in active concert or participation with Defendant, from using the BULLDOG MOVERS name or the Bulldog Movers Mark, or any mark confusingly similar to the UGAA Marks, in or as part of its corporate or trade name, domain names, web sites, or otherwise in connection with Defendant's services;

(3)     The Court enter a judgment ordering Defendant, its agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant, to take affirmative steps to dispel the false impressions that heretofore have been created by Defendant's use of the BULLDOG MOVERS name and the Bulldog Movers Mark and formatives and variations thereof;

(4)     The Court enter a judgment ordering Defendant to relinquish the registration of the domain name "bulldogmovers.net," and all other registrations of domain names that incorporate, colorably imitate, or are confusingly similar to any UGAA Marks, and transfer said registrations to UGAA, and that Defendant be limited to use of domain names that do not use or incorporate any UGAA Marks or

any mark confusingly similar thereto or likely to cause dilution of the distinctiveness of the UGAA Marks or injury to UGAA's business reputation;

(5)     The Court enter a judgment ordering Defendant to file with this Court and to serve on UGAA within thirty (30) days after the entry of the judgment herein a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the foregoing injunctions;

(6)     The Court enter a judgment awarding UGAA (i) Defendant's profits, (ii) UGAA's damages, which amount may be trebled by the Court, and (iii) the costs of the action, pursuant to 15 U.S.C. § 1117(a) and Georgia statutory and common law;

(7)     The Court enter a judgment ordering Defendant to pay UGAA's costs and reasonable attorney's fees in a sum and manner deemed appropriate by this Court based on the deliberate and willful acts of Defendant pursuant to 15 U.S.C. § 1117(a) and the laws of the State of Georgia;

(8)     The Court enter a judgment awarding UGAA punitive damages pursuant to the law of the State of Georgia in view of Defendant's intentional and willful trademark and service mark infringement; and

(9)     The Court enter a judgment ordering that Defendant's Georgia Registration be canceled pursuant to O.C.G.A. § 10-1-448; and

(10)   The Court grant UGAA such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted, this _20th_ day of _December_, 2006.

KING & SPALDING LLP

Bruce W. Baber
   (Ga. Bar No. 030050)
Thomas C. Lundin, Jr.
   (Ga. Bar No. 461141)

1180 Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Attorneys for Plaintiff
UNIVERSITY OF GEORGIA
ATHLETIC ASSOCIATION, INC.